PER CURIAM:
In response to appellant’s petition to compel arbitration of certain grievances, appel-lee stipulated to the initial existence of a collective bargaining agreement between the parties but asserted the agreement had been abandoned because appellant took no action to implement it for over a year despite appellee’s overtures. The district court agreed and dismissed the petition.' The appellant argues that the defense of abandonment should have been left to the arbitrator. We agree.
In Operating Engineers Local 150 v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct. 1710, 32 L,Ed.2d 248 (1971), the Supreme Court held that a district court erred in dismissing a petition to compel arbitration on the ground of laches. The Court held that a broad arbitration clause requiring the parties to arbitrate “any difference” included the defense of laches.
In this case the collective bargaining agreement provided without limitation for arbitration of any “complaint against the other party regarding a grievance which has not been amicably settled” or, more simply, “all disputes and grievances.” This language is sufficiently broad to include the defense of repudiation which, under the circumstances here, is equivalent to a defense of laches. See also H & M Box, Inc. v. Bakery & Confectionery Workers Local 45, 493 F.2d 1226 (1st Cir. 1974).
Reversed.