593 F.2d 902
 CHURCH OF SCIENTOLOGY OF CALIFORNIA, a non-profit
corporation, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Benjamin Bailer, Postmaster
General, Postal Inspection Service, William J.
Cotter, Chief Inspector, Defendants-Appellees.
 No. 76-1610.
 United States Court of Appeals,
Ninth Circuit.
 March 26, 1979.
 
 Barry L. Weissman (argued), Beverly Hills, Cal., for plaintiff-appellant.
 Leonard Schaitman of Dept. of Justice, Washington, D. C., Mark N. Mutterperl (argued), of Dept. of Justice, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before ELY and TRASK, Circuit Judges, and EAST,* District Judge.
 ELY, Circuit Judge:
 
 
 1
 The Church of Scientology of California (the Church) appeals from a summary judgment entered against it and in favor of the United States Postal Service. The District Court upheld the refusal of the Postal Service to release to the Church a number of records assertedly gathered during the course of law enforcement investigations of the Church and its members.I.
 
 
 2
 The Church filed its Freedom of Information Act (FOIA) request[1] with the Postal Service seeking access to information compiled by the service relating to the Church, any of its affiliated organizations, or its founder, L. Ron Hubbard. After conducting an extensive search of its files, the Postal Service released numerous documents to the requestor. Not all the information in its files relating to the Church and its activities was disclosed, however. A number of documents were withheld from disclosure as the alleged fruits of Postal Inspection Service investigations of possible criminal offenses.[2]
 
 
 3
 When the refusal to disclose was challenged in the District Court, the Postal Service defended its withholding on the basis of Exemption 3 of the FOIA[3] and the investigatory file exemption of the Postal Reorganization Act, 39 U.S.C. § 410(c)(6).[4] After examining the requested materials In camera, the District Court adopted the Government's characterization of the records as having been compiled during law enforcement investigations. The District Court also concluded that 39 U.S.C. § 410(c)(6) was a specific exempting statute of the sort described in FOIA Exemption 3; therefore, the Church's request for the Postal Service documents was denied. Because it concluded that the Postal Reorganization Act's § 410(c)(6) specifically excluded Postal Service investigatory files from FOIA compelled disclosure, the District Court did not reach the Government's alternative grounds for nondisclosure based upon Exemptions 5 and 7.[5]
 
 
 4
 We remand to the District Court in order that it may consider the impact of recent amendments to the FOIA as well as pertinent legislative history. Both shed light as to the manner in which the exemptions raised by the Government should be construed.
 
 II.
 
 5
 Since the time of the challenged Order, filed December 19, 1975, Congress amended the FOIA[6] by qualifying Exemption 3 with conditions that a statute must satisfy if it is to be considered as one specifically exempting disclosure. Thus, as amended, Exemption 3 now provides that an exempting statute must either (A) require that information in an agency's possession be withheld from the public in such a manner as to leave No discretion on the issue, or (B) establish particular criteria for withholding information or refer with particularity to the types of matters to be withheld.
 
 
 6
 We have recently held that the amended version of FOIA Exemption 3 should govern the actions of a government agency, even though the amendment did not become effective until the time of an appeal already pending. Lee Pharmaceuticals v. Kreps, 577 F.2d 610, 614 (9th Cir. 1978). The legislative history to the amendment clearly evinces Congress' intention to overrule the Supreme Court's expansive interpretation given to the original version of Exemption 3 in Administrator, FAA v. Robertson, 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1972). Some of the more significant history reads:
 
 
 7
 Believing that the decision misconceives the intent of exemption (3), the committee recommends that the exemption be amended to exempt only material Required to be withheld from the public by any statute establishing particular criteria or referring to particular types of information.
 
 
 8
 H.R.Rep.No.94-880, 94th Cong. 2d Sess. (1976), reprinted in 3 U.S.Code Cong. and Admin.News, pp. 2183, 2205. (Emphasis added.)
 
 
 9
 The consideration of deference leads us to believe that the District Court should be allowed the first opportunity to consider whether 39 U.S.C. § 410(c) (6) qualifies as an exempting statute within the meaning of 5 U.S.C. § 552(b) (3), as amended.[7]
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable William G. East, Senior District Judge, District of Oregon, sitting by designation
 
 
 [1]
 The Postal Reorganization Act, 39 U.S.C. § 101 Et seq., extended the reach of the FOIA, 5 U.S.C. § 552, to the newly created Postal Service. 39 U.S.C. § 410(b)(1). Pursuant thereto, the appellant requested that the Postal Service provide it with certain records, in accordance with 5 U.S.C. § 552(a)(3), which reads in pertinent part:
 (a)
 (3) . . . each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules . . . shall make the records promptly available to any person.
 
 
 [2]
 The Postal Service also resisted disclosing an additional fourteen pages of materials, contending that release of the information would constitute a clearly unwarranted invasion of personal privacy within the meaning of 5 U.S.C. § 552(b)(6) (Exemption 6). At oral argument, the Government's attorney represented to the panel that these materials would be turned over to the Church. In reliance upon such representations, we hold that the questions raised by the withholding of these fourteen pages are moot; hence, we do not reach the Exemption 6 issue
 
 
 [3]
 At the time the District Court entered its judgment, Exemption 3 excepted from the disclosure requirements of the FOIA any information "specifically exempted from disclosure by statute." As discussed Infra, Exemption 3 was subsequently amended to read as follows:
 (b) This section does not apply to matters that are
 (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . . .
 
 
 [4]
 The investigatory files exemption claimed by the Postal Service, 39 U.S.C. § 410(c)(6), reads as follows:
 (c) Subsection (b)(1) of this section shall not require the disclosure of
 (6) investigatory files, whether or not considered closed, compiled for law enforcement purposes except to the extent available by law to a party other than the Postal Service.
 
 
 [5]
 Exemptions 5 and 7 except from the disclosure requirements of the FOIA inter-agency or intra-agency memorandums and law enforcement investigatory files, respectively. The exemptions read as follows:
 (b) This section does not apply to matters that are
 (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
 (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel . . . .
 
 
 [6]
 Government In The Sunshine Act, Pub.L. No. 94-409, enacted September 13, 1976 and made effective 180 days thereafter
 
 
 [7]
 In the event the District Court finds that 39 U.S.C. § 410(c)(6) is a specific exempting statute of the kind referred to in Exemption 3 of the FOIA, as amended, then the District Court must also address the issue of whether the Postal Service has complied with its own regulation, found at 39 C.F.R. § 265.6(c). General Services Administration v. Benson, 415 F.2d 878, 880 (9th Cir. 1969) ("Regulations reasonably adapted to the administration of a congressional act, and not inconsistent with any statute, have 'the force and effect of law.' " (citations omitted).) The Government contends that the regulation invests the Postal Service with discretion either to release to or withhold from a requestor investigatory files. See 39 C.F.R. § 265.6(c), which reads as follows:
 (c) Investigatory records. (1) Investigatory files compiled for law enforcement purposes, whether or not considered closed, are exempt by statute from mandatory disclosure except to the extent otherwise available by law to a party other than the Postal Service, 39 U.S.C. § 410(c)(6). As a matter of policy, however, the Postal Service will normally make investigatory records available upon request unless the production of these records would:
 (i) Interfere with enforcement proceedings,
 (ii) Deprive a person of a right to a fair trial or an impartial adjudication,
 (iii) Constitute an unwarranted invasion of personal privacy,
 (iv) Disclose the identity of a confidential source, and, in the case of a record compiled by the Postal Inspection Service in the course of a criminal investigation or of a lawful national security intelligence investigation, confidential information furnished only by the confidential source,
 (v) Disclose investigative techniques and procedures, or
 (vi) Endanger the life or physical safety of law enforcement personnel.
 (2) Authority to disclose investigatory records to persons outside the Postal Service must be obtained from the Chief Postal Inspector, United States Postal Service, Washington, D.C. 20260, or his designee.
 The initial assumption found within the regulation, that law enforcement files of the Postal Service are unqualifiedly exempt from mandatory disclosure, is, of course, the very issue to be addressed by the District Court on remand. As a matter of internal policy, the Postal Service has adopted, by means of this regulation, the investigatory records standards imposed upon most other governmental agencies by Exemption 7. See note 5, Supra. The Postal Service has argued that by including the word "normally" within the regulation, that the Postal Service has retained discretion to withhold requested information irrespective of whether one of the regulation's enumerated harms exists. We question whether such an interpretation could be harmonized with Congress' expressed intent when it limited the scope of Exemption 3 of the FOIA by depriving agency administrators of discretion to disclose information under their control. See Lee Pharmaceuticals v. Kreps, supra, 577 F.2d at 615. We suggest, as an alternative to the Government's interpretation, a reading of the regulation that would require the Postal Service to release investigatory files in the Normal case. Thus, in accord with this alternative interpretation, only in the exceptional case when the Postal Service demonstrates the existence of one of the six enumerated dangers could the Postal Service justify a denial of a request for disclosure.
 In the event the District Court finds that 39 U.S.C. § 410(c)(6) did not survive as a specific statutory exemption following the amendment to Exemption 3 in 1976, the District Court nonetheless should consider whether the documents are properly withheld under Exemptions 5 and 7, the alternative grounds raised by the Postal Service in the District Court.