Jackson LEEDS, Plaintiff,

v.

Donald J. QUIGG, Defendant.

Civ. A. No. 88–3335.

United States District Court,
District of Columbia.

Feb. 28, 1989.

Jackson Leeds, Washington, D.C., pro se.

George Williams, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

REVERCOMB, District Judge.

The plaintiff has brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the release of documents from the Patent and Trademark Office ("PTO"). The object of his request is pending U.S. patent application Serial No. 591,723, which is mentioned in U.S. Patent 4,522,705. Therein, it is said that "another method of preparing in-situ crystallized zeolites of a preformed clay aggregate which are useful in the novel process of this invention is disclosed and claimed in U.S. patent application Ser. No. 591,723 filed Mar. 21, 1984. The disclosure of said application as well as all patents mentioned in the instant specification are herein incorporated by reference."

In May of 1988 the plaintiff filed his FOIA request. The defendant PTO denied the request on the grounds that pending patent applications are exempt from the disclosure requirements of FOIA under 5 U.S.C. § 552(b)(3). On June 24, 1988, the plaintiff appealed this decision to the Department of Commerce, which affirmed the decision of the PTO. Subsequently, the plaintiff filed a complaint seeking to have this Court order the production of the patent information he had requested. The case is before the Court on cross-motions for summary judgment; no material facts are disputed.

■ The government argues in its Motion for Summary Judgment that the PTO properly invoked FOIA exemption (b)(3) to deny the plaintiff's request. Exemption (b)(3) is the correct exemption to employ in situations where the information sought under FOIA is protected from disclosure by Act of Congress. The applicable Act of Congress in this case is 35 U.S.C. § 122, "Confidential Status of Applications," which states that

[a]pplications for patents shall be kept in confidence by the Patent and Trademark Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner.

This section meets the requirements of exemption (b)(3) because the materials sought by the plaintiff are "specifically exempted from disclosure by statute," since section 122 "establishes particular criteria for

withholding," and also "refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

Section 122 was held to operate in conjunction with exemption (b)(3) in just this manner to shield *pending* patent applications (such as the one sought by the plaintiff) from disclosure in *Irons & Sears v. Dann,* 606 F.2d 1215 (D.C.Cir.1979), *cert. denied,* 444 U.S. 1075, 100 S.Ct. 1021, 62 L.Ed.2d 757 (1980). In *Irons & Sears,* the Court of Appeals stated that pending patent applications "are exempt *in toto*" from FOIA, and are not subject to "a regime of selective excision." *Id.* at 1222.

The plaintiff's case rests on *In re Gallo,* 231 U.S.P.Q. 496 (1986), because that case held that material "incorporated by reference" in an issued patent may be made available through an administrative process. In *Gallo,* a pending application had been referred to in another patent, and was "incorporated therein by reference." The Commissioner held that the reference to the pending application in a U.S. patent warranted access to the original. The opinion says that "the above referred to incorporation by reference is interpreted as a waiver of confidentiality of only the original disclosure and does not open the entire application to inspection." Within this narrow area, then, *Gallo* held that the inventor had *waived* confidentiality.

■ Although it does provide an administrative means to test whether a given "incorporation by reference" has created a waiver of confidentiality, the decision in *Gallo* did not address FOIA issues. If documents requested by means of a FOIA request are exempt from disclosure under an exemption to the Act, the fact that they may be available by other means does not preclude exemption under FOIA. *See Lee Pharmaceuticals v. Kreps,* 577 F.2d 610 (9th Cir.1978), *cert. denied,* 439 U.S. 1073, 99 S.Ct. 847, 59 L.Ed.2d 40 (1980) (holding that the 37 C.F.R. § 1.14(e) provisions for disclosure do not vitiate the applicability of exemption (b)(3)).

*In re Gallo* has established an alternative means for obtaining information which has been waived by "incorporation," but it does not undo the holding of *Iron & Sears,* since the FOIA and administrative routes are separate. Since pending patent applications "are exempt *in toto*" from FOIA under *Irons & Sears,* and their contents are not subject to "a regime of selective excision," 606 F.2d at 1222, the plaintiff has no right of access to the information he seeks under FOIA. Although *issued* patents are subject to FOIA under *Irons & Sears, Gallo* does not establish that all material "incorporated by reference" in an issued patent automatically becomes part of the issued patent, thereby opening up the "incorporated" material to FOIA. Whether a waiver has occurred remains a matter for case-by-case determination at the PTO.

Therefore, it is hereby ORDERED that the plaintiff's Motion For Summary Judgment is DENIED.

It is FURTHER ORDERED that the defendant's Motion for Summary Judgment is GRANTED.