Alvin H. GOLDSTEIN, Plaintiff,

v.

Edward H. LEVI and United States Department of Justice, Defendants.

Civ. A. No. 75–0993.

United States District Court, District of Columbia.

June 18, 1976.

Howard M. Liberman, Washington, D. C., for plaintiff.

Jeffrey Axelrad, Richard E. Greenspan, U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

PARKER, District Judge.

In this Freedom of Information Act (FOIA)[1] case the plaintiff, a producer for a public television station, sought to obtain the files of the Federal Bureau of Investigation (FBI) concerning certain statements made by Ruth and David Greenglass during the investigation of the Rosenberg espio-

1. 5 U.S.C. § 552, as amended Pub.L. 93–502 §§ 1–3 (Nov. 21, 1974).

nage case.[2] Plaintiff's original request encompassed the entire Rosenberg file and was submitted to the FBI by letter dated July 20, 1973. Plaintiff subsequently submitted a more narrow request for specific reports and statements taken from the Greenglasses by letter dated October 1, 1973. When the request was denied on the basis of the seventh exemption of investigatory files,[3] plaintiff's employer filed an appeal, but the agency denial was affirmed by the Attorney General's office. Almost a year later, plaintiff requested reconsideration of the earlier decision, by letter dated August 8, 1974. The Attorney General's office responded that the decision was final.

On June 16, 1975, plaintiff filed another administrative appeal, covering different portions of the Rosenberg file, and on June 19, 1975, filed this lawsuit, seeking the documents which had already been twice denied by the Justice Department. Shortly thereafter, on August 28, 1975, the FBI forwarded copies of the documents at issue to plaintiff's counsel.

At a recent status call held May 25, 1976, plaintiff's counsel informed the Court that he was satisfied with the documents produced, and that the only outstanding issue was the question of counsel fees and costs. Counsel then filed a motion for such fees on May 28, 1976, with accompanying memorandum, requesting compensation of $1,200.00 for 24 hours of work at the rate of $50.00 per hour plus $48.74 for expenses. The government responded with a motion to dismiss for mootness and a memorandum opposing the allowance of any fees, asserting that plaintiff has failed to meet the statutory criteria, or in the alternative that the $1,200.00 requested is excessive.

The recent amendments to the FOIA, which became effective on February 19, 1975, provide that counsel fees are available under the following circumstances:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E).

The government's position is that since the FBI voluntarily released the requested documents without any direct order from the court, that plaintiff has not "substantially prevailed" within the meaning of the amendments. It is further alleged that dismissal of the action was possible for failure of the plaintiff to exhaust administrative remedies after the effective date of the amendments.

Finally, the government claims that the documents were in fact released on the basis of a policy decision of the Attorney General as to the Rosenberg files, and not as a result of plaintiff's lawsuit.

Defendants cite only one case which is directly on point regarding fees in FOIA cases where the government has voluntarily given the requested information during suit. *See Vermont Low Income Advocacy Council v. Dunlop*, C.A. 75–247 (D.Vt. March 30, 1976). In the Vermont proceeding the Secretary of Labor furnished the requested documents approximately 2 months after the complaint was filed, and the trial court denied compensation on the basis that plaintiff had not "substantially prevailed" because the court did not have to take any action in plaintiff's favor. The other cases cited by the government are distinguishable in that they involved FOIA requests which were personal or commercial and did not involve the public interest as did plaintiff's request.[4] Similarly, *Mello v.*

---

**2.** Specifically, plaintiff sought reports of FBI interrogations of David Greenglass in February 1950 and on June 15–16, 1950; report of the FBI interrogation of Ruth Greenglass on June 16, 1950; and the statement of David Greenglass given to the FBI on June 15 & 16, 1950. Complaint, filed June 19, 1975, ¶ 6.

**3.** 5 U.S.C. § 552(b)(7).

**4.** *Friedman v. Kelly*, C.A. 75–965 (D.Ore. April 14, 1976) (plaintiff's interest in obtaining her file from the FBI was personal and her expenses limited due to the fact that the documents sought were furnished within days of the filing of the complaint); *Orange County Vegetable Improvement Cooperative Association, Inc. v. Department of Agriculture*, C.A. 75–842

*Secretary of HEW*, 8 CCH Empl.Practices Decisions ¶ 9620 (D.D.C.1974) (Jones, J.), involved a case that was mooted by plaintiff's own action whereas the present case has been mooted by the government's action.

Plaintiff, on the other hand, has demonstrated that an award in this case would be in keeping with the Congressional purpose as expressed in the legislative history of the 1974 amendments. The original Senate version provided certain criteria to be considered in the grant of fees, including the benefit to the public deriving from the case, the commercial benefit to the complainant, and whether the government's withholding had a reasonable basis in law. Although these criteria were eliminated from the final bill, the conferees stated that they did not wish to preclude the courts from taking them into consideration. H.R.Rep.No.93–1380, 93rd Cong., 2nd Sess. at 9–10. Plaintiff points out that he is the producer of a documentary television show for public TV and a book on the *Rosenberg* case, and thus the information requested was for the benefit of the public, and not for plaintiff's personal commercial benefit.[5] He further alleges that attempts to obtain the documents since 1973 were unsuccessful until this lawsuit was filed, at which time the documents were sent to plaintiff's counsel, demonstrating that their production was a result of the suit.

■ The purpose of the provision for counsel fees was to encourage private citizens to bring to the attention of the courts any unlawful withholding of information by government agencies. Clearly, this purpose would be defeated and frustrated if plaintiffs were forced to forfeit their claim upon surrender of the materials before formal action by the judge. As Judge Thomas A. Flannery of this Court noted in a recent *FOIA* case in which a similar issue was raised:

> If the government could avoid liability for fees merely by conceding the cases before final judgment, the impact of the fee provision would be greatly reduced. The government would remain free to assert boilerplate defenses, and private parties who served the public interest by enforcing the Act's mandates would be deprived of compensation for the undertaking.[6]

■ The Court concludes that plaintiff should be awarded compensation for services rendered in this case. While it is true that no court action was required to release the documents, it is significant that plaintiff was unsuccessful in obtaining the information for three years but was successful within a few weeks of filing a court action. The fact that other cases requesting similar information from the Rosenberg files were pending at around the same time[7] does not vitiate the fact that plaintiff has substantially prevailed in his quest to obtain these documents, as envisioned by the statutory provision for counsel fees, 5 U.S.C. § 552(a)(4)(E).

■ The amount of the fee to be awarded, however, is open to debate. The criteria which must be considered are: time spent

---

(D.D.C. March 4, 1976) (Flannery, J.) (efforts of plaintiff's counsel were negligible and the case promoted plaintiff's commercial interests and not the public interest).

**5.** The Senate Report on the 1974 amendments explained that:

> a court would generally award fees if the complainant's interest in the information was scholarly or journalistic or public-interest oriented, but would not do so if his interest was of a frivolous or purely commercial nature.

S.Rep. No. 93–854, 93rd Cong., 2d Sess. at 171.

**6.** *Communist Party of the United States v. Department of Justice*, C.A. 75–1770 (D.D.C. March 23, 1976) (Flannery, J.) (memorandum opinion at 3). *Accord: Kaye v. Burns*, 411 F.Supp. 897 (S.D.N.Y.1976) (Carter, J.):

> the salutary purposes of the statute to encourage voluntary compliance with the FOIA, and to encourage suit where an agency has wrongfully withheld requested material could be too easily rendered nugatory if the government could force a party into litigation and then deprive that party of the right to recover expenses incident to bringing the action.

Memorandum Opinion at 902.

*See also Emery v. Laise*, C.A. 76–516 (D.D.C. June 3, 1976) (Flannery, J.).

**7.** E. g., *Meeropol v. Levi*, C.A. 75–1121 (D.D.C.) (Green, J.).

by attorney; novelty and complexity of the issues presented; level of skill required; customary fee charged by attorney or firm; experience, reputation and ability of attorney, and awards in similar cases.[8]

 In this case, counsel's affidavit of services rendered specified 24 hours spent basically in preparing the complaint, research for summary judgment motion which was not filed, and attendance at two status calls. Although counsel gives no indication as to his own reputation and experience, the customary fee charged by his firm is stated to be $65.00 per hour, or $50.00 per hour for non-profit institutions.[9] The issues in this proceeding were not complex and the dispute was resolved while the litigation was at a very early stage. In view of these factors, the Court concludes that $50.00 per hour is a reasonable rate [10] and that a total of 18 hours is a reasonable amount of time spent by counsel. The Court will therefore order an award of $900.00 for counsel fees and $48.74 for expenses and costs.

8. *See Communist Party, supra* n. 7, at 5; *cf. Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C. 1976) (Richey, J.).

9. Affidavit of Services Rendered, filed June 15, 1976.

10. Judge Flannery has approved awards in similar cases at rates of between $40 and $50 per hour. *Communist Party and Emery v. Laise, supra* n. 7.