Leonard GINTER, Appellant,

v.

**INTERNAL REVENUE SERVICE and District Director, Paul D. Williams, Appellees.**

No. 80–2146.

United States Court of Appeals, Eighth Circuit.

Submitted April 29, 1981.

Decided May 4, 1981.

---

Leonard Ginter, pro se.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Richard W. Perkins, Helen M. Marinak, Tax Division, Dept. of Justice, Washington, D. C., for appellees; George W. Proctor, U. S. Atty., Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., of counsel.

Before STEPHENSON and McMILLIAN, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Appellant Leonard Ginter filed this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, demanding that the Internal Revenue Service (IRS) release certain requested information and documents. Some of the information was released by the IRS and the rest was claimed exempt under 26 U.S.C. § 6103. The district court[1] agreed with the IRS as to the exempt status of the withheld material and granted the IRS's motion for summary judgment. The district court by a separate order denied appellant's motion for attorney's fees. Appellant appeals only the denial of attorney's fees and does not challenge the granting of the summary judgment.

The issue presented to the court is whether the district court abused its discretion in denying the motion for attorney's fees. An analysis of this issue requires an investiga-tion of the following factors: (1) whether appellant "substantially prevailed"; (2) if appellant substantially prevailed, whether judicially recognized criteria warrant the award of attorney's fees;[2] and (3) if the first two are resolved in appellant's favor, whether a *pro se* litigant is entitled to attorney's fees.[3]

For the reasons discussed below, we affirm the district court and hold that the district court did not abuse its discretion in denying attorney's fees. This resolution makes unnecessary a discussion of the two other factors.

■ The provision of the FOIA governing the award of attorney's fees is 5 U.S.C. § 552(a)(4)(E):

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

"The purpose of this section was to remove the often insurmountable financial barriers the average citizen faced when attempting to force governmental compliance with [FOIA], not to provide an award to any plaintiff who successfully forced the government to disclose the requested information." *Lovell v. Alderete*, 630 F.2d 428, 431 n.2 (5th Cir. 1980), *citing Nationwide Building Maintenance, Inc. v. Sampson*, 182 U.S.App.D.C. 83, 559 F.2d 704, 711 (1977). In interpreting this subsection the courts have uniformly held that the decision

---

*The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. In *Lovell v. Alderete*, 630 F.2d 428, 431–32 (5th Cir. 1980), *citing Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978), the Fifth Circuit held:

Once a plaintiff has substantially prevailed and thus become eligible for an award of attorney's fees, a court should determine whether the plaintiff is entitled to the award in light of these criteria:
    (1) The benefit to the public deriving from the case;
    (2) the commercial benefit to the complainant;

    (3) the nature of the complainant's interest in the record sought; and
    (4) whether the government's withholding of the records sought had a reasonable basis in law.
Additionally, the court may consider any relevant equitable factors that may affect its balancing of the criteria above.

3. In *Crooker v. United States Dep't of the Treasury*, 634 F.2d 48, 49 (2d Cir. 1980), the Second Circuit held that *pro se* litigants "who have made no showing that prosecuting their lawsuits caused them to divert any of their time from income-producing activity" are not permitted an award of attorney's fees. *See also id.* (listing cases which allow and disallow attorney's fees for *pro se* litigants).

whether to award attorney's fees is within the discretion of the district court and will not be overturned on appeal except for abuse of discretion. *Crooker v. United States Department of Justice*, 632 F.2d 916, 918 (1st Cir. 1980); *Lovell v. Alderete, supra*, 630 F.2d at 431; *Bullard v. Webster*, 623 F.2d 1042, 1047 (5th Cir. 1980); *Exner v. FBI*, 612 F.2d 1202, 1207 (9th Cir. 1980). In addition, the findings of the district court on whether the plaintiff has "substantially prevailed" are to be affirmed unless clearly erroneous. *Exner v. FBI, supra*, 612 F.2d at 1207. Further, the plaintiff carries the burden of sustaining the request for attorney's fees, including the burden of showing that the plaintiff substantially prevailed. *Lovell v. Alderete, supra*, 630 F.2d at 432.

■ In establishing the standards for determining whether the plaintiff has substantially prevailed, the courts have proceeded by describing what does not bar an award of attorney's fees. It has been held that the production of the requested documents does not automatically moot an award of attorney's fees. *Cuneo v. Rumsfeld*, 180 U.S.App.D.C. 184, 553 F.2d 1360, 1364 (1977). Nor does the failure to receive a favorable judgment preclude an award of attorney's fees if the plaintiff's action helped induce disclosure of the requested documents. *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509 (2d Cir. 1976) (hereinafter *Vermont Low Income*). However, the plaintiff must show more than that the information was requested and that it was supplied. "Absent a court order in [the plaintiff's] favor, [the] plaintiff must show that prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information."

*Lovell v. Alderete, supra*, 630 F.2d at 432, citing *Cox v. United States Department of Justice*, 195 U.S.App.D.C. 189, 601 F.2d 1, 6 (1979) (per curiam), *and Vermont Low Income, supra*, 546 F.2d at 514. *Cf. Crooker v. United States Department of Justice, supra*, 632 F.2d at 919 (not adopting *Vermont Low Income* test, instead stating that when there is a colorable claim of cause and effect, the government must demonstrate that "the complainant's success in obtaining the requested documents was more due to its responsible compliance with the provisions of [FOIA] than to the complainant's pending suit").

The first difficulty in applying these standards to the instant case is the wording of the district court's order: "The defendant's motion for summary judgment having been granted, the plaintiff's motion for attorney's fees is hereby denied." This order could be interpreted as stating that because appellant failed to obtain a favorable judgment, he has failed to substantially prevail. Under such an interpretation, the district court's order would be contrary to case law. *See Vermont Low Income, supra*, 546 F.2d 509. However, if we look beyond the order itself to the facts of the case, it appears that appellant has failed to show that he has substantially prevailed.[4]

Based on the correspondence between appellant and Cecil L. Kelly, the District Disclosure Officer at Little Rock, Arkansas, the facts are as follows: After making an improper FOIA request and being instructed by Kelly on how to make a proper request, appellant mailed a FOIA request to the IRS local office on October 19, 1979, which made the following requests:

1. Give me names and addresses of company or companies or person or persons with amount made for each year in question.

---

**4.** We note that the district court did not hold an evidentiary hearing and made no factual findings. *Compare Crooker v. United States Dep't of Justice*, 632 F.2d 916, 919 n.5 (1st Cir. 1980) (better practice would probably be for district court in ruling upon a request for attorney's fees in FOIA actions to hold evidentiary hearings to decide whether a suit was necessary or not), *and Sargeant v. Sharp*, 579 F.2d 645, 647 (1st Cir. 1978) (holding that the determination

in that particular instance required such a hearing). Here, appellant does not urge as error the failure to hold an evidentiary hearing. We note that sufficient indication of the factors before the district court appears in the record to enable us to conclude that the district court did not abuse its discretion and therefore do not remand the cause to the district court for reconsideration. *See Buxton v. Patel*, 595 F.2d 1182, 1185 n.2 (9th Cir. 1979).

2. Give the amount made on income from these alleged wages for each year in question.

3. Give me a photo copy of the letter I sent to IRS office in Austin Tx. pointing out I am not required to file.

4. What is the amount I can make with 3 dependents per year and not be required to file?

5. Give me a photo copy of the oath of office of the following:

A. Roy Southern    D. Tom Beasley
B. Ira Ralston      E. Paul D. Williams
C. Charles Evans

6. Fill in the AFFIDAVIT FOR CITIZENS PROTECTION for the years in question and return to me.

7. A reasonable fee for photo copies of the above will be paid for the years in question.[5]

Kelly responded to the October 19 letter on December 5, 1979, requesting more information because appellant's letter failed to reasonably describe the records sought and denying the requested oaths of office.

On November 30, 1979, appellant filed another FOIA request asking for (1) all the files indexed and maintained under his name and (2) an accounting pursuant to 5 U.S.C. § 552a(c). By letter dated December 11, 1979, Kelly sent appellant a copy of Document 6372 and informed him that a search for the information had been requested. On December 20, Kelly again wrote appellant that the search had revealed no disclosures and that copies of appellant's 1976 and 1977 files had not been received from the centralized storage facilities.

On January 12, 1980, appellant complained by letter that he had not received the requested information. On January 22, 1980, Kelly wrote appellant and told him that some information had been denied (i. e., copies of particular employees' oaths of office) and that the search for other information had been renewed. Thereafter, on February 8, 1980, Kelly informed appellant that the regional storage center had returned the search request, stating that appellant's records were not in place. Kelly informed appellant that a special search had now been requested.

On March 7, 1980, before the government responded as to the results of the special search, appellant filed suit. Thereafter, copies of all but portions of seventeen documents were released to appellant, including copies of five appointment affidavits. With regard to appellant's request that he be permitted access to all files pertaining to him, the IRS claimed that certain documents were exempt under 26 U.S.C. § 6103(a), (e)(6), and 5 U.S.C. § 552(b)(2), (b)(5), and (b)(7)(C). Appellant was furnished with a "Vaughn index,"[6] and the district court examined in camera the relevant documents. The district court agreed with the IRS that these documents were exempt and granted the IRS a summary judgment.

In support of his motion for attorney's fees and in his appeal brief, appellant makes the following arguments: (1) "I had asked for a copy of the files on me along with the oaths of office for several IRS agents by freedom of information letters, [t]he IRS refused to cooperate, and on March 7, 1980 I filed suit to receive those items, in the course of the suit I received the oaths of office for each agent requested along with all the records, slightly deleted . . . ." and (2) "Plaintiff has won his suit by

---

5. Minor spelling errors have been corrected. Apparently the October 19 letter (Ex. C) was returned to appellant so that on October 27 appellant was able to make this additional request: "I now want to look at your complete file on me and would like you to set a date that I can look at it."

6. See Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820, 826–28 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

A Vaughn Index, technically a Notice of Submission of Index, "is not required for every document in a FOIA case. Such a pleading 'is a device to enable the court to review effectively the agency's decision not to disclose, and is not a per se requirement of every' FOIA case." Anheuser-Busch, Inc. v. IRS, 493 F.Supp. 549, 550 n.1 (D.D.C.1980), citing Exxon Corp. v. FTC, 384 F.Supp. 755 (D.D.C.), remanded mem. 174 U.S.App.D.C. 77, 527 F.2d 1386 (1976).

receiving over 5 [pounds] of documents and papers."

■ Appellant emphasizes the facts that the undisclosed oaths of office were supplied after the suit was brought; that other requested information, although not denied, was produced after the suit was brought; and that the amount of material received was "substantial" ("five pounds"). These arguments fail to show that the suit (1) was reasonably necessary to obtain the information and (2) had a substantive causative effect on the production of the requested information. Appellant has only shown that he received part of the requested material after the suit was brought. Further, the facts show that the delay in producing the information was due in part to appellant's broad and vague requests, *see Crooker v. United States Department of Justice, supra*, 632 F.2d at 917, and the government's inability to find the documents, *see Vermont Low Income, supra*, 546 F.2d at 513–14.

The present case is analogous to the situation in *Vermont Low Income* where the government responded to a request for information by stating that they had been unable to locate the information and requesting that the plaintiff contact them to discuss the matter. Instead of responding to this request, the plaintiff filed suit. Thereafter the government found the documents and produced them. The Second Circuit held that under these circumstances the plaintiff failed to show that the suit was reasonably necessary and had a substantive causative effect on the production of the requested information. *Id.* at 514–15. Here, the IRS was unable to locate the information and was conducting a special search when appellant filed suit. Up until this time the IRS had not informed appellant that the requested material would not be produced. Under these circumstances appellant's suit was premature and thus not reasonably necessary. There was no indication that the government had not been acting in good faith. In fact only six months

had passed since the initial request, which was broad and vague. Only five months had passed since appellant's second request and the government had informed him of the difficulties in obtaining this information only one month prior to the filing of the suit.

We agree with the district court that appellant failed to show that his suit was reasonably necessary and had a substantive causative effect on the production of the requested information.[7] Appellant thus failed to show that he "substantially prevailed." Under these circumstances the district court did not abuse its discretion in denying appellant's motion for attorney's fees. Accordingly, the judgment of the district court is affirmed.

■

---

**7.** Even if the approach of *Crooker v. United States Dep't of Justice, supra*, 632 F.2d at 919 (discussed in text *supra*), was followed, the result would not differ because here the IRS has shown that the production of the requested information was more due to responsible compliance rather than to appellant's pending suit.