700 F.2d 486
 CHURCH OF SCIENTOLOGY OF CALIFORNIA, a non-profit
corporation, Plaintiff- Appellant,
v.
UNITED STATES POSTAL SERVICE; Benjamin Bailer, Postmaster
General; Postal Inspector Service; William J.
Cotter, Chief Inspector, Defendants-Appellees.
 No. 81-5582.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 6, 1982.
Decided Feb. 4, 1983.
As Amended on Denial of Rehearing March 31, 1983.
 
 Barry Leigh Weissman, Weissman & Haynes, Beverly Hills, Cal., for plaintiff-appellant.
 Alan L. Ferber, Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before ALARCON, POOLE, and BOOCHEVER, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 Appellant Church of Scientology of California (hereinafter the Church) appeals from the order of the district court denying attorney's fees to appellant's counsel in an action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552(a)(4)(E).
 
 
 2
 Pursuant to the FOIA, attorney's fees may be assessed against the United States in any case in which a complainant has substantially prevailed. The record before us demonstrates that, in denying the Church's request for attorney's fees, the district court failed to resolve the factual dispute concerning the Church's eligibility for attorney's fees. Consequently, we reverse and remand.
 
 I. FACTS
 
 3
 On March 3, 1975, the Church, pursuant to the Freedom of Information Act, (FOIA), 5 U.S.C. Sec. 552, requested all records and information maintained by the United States Postal Service (USPS) which related to the activities and operations of the Church and its founder.
 
 
 4
 The September, 1975, affidavit of W. Cotter, Chief Postal Inspector, filed on November 17, 1975, with USPS' first motion for summary judgment, discloses that in response to this request the USPS conducted a search for the requested information. The USPS made an initial determination to disclose 391 documents to the Church. Sometime after June 2, 1975, the USPS concluded that an additional 385 documents would be made available to the Church.[1] USPS denied the Church's request as to the remainder of the documents.
 
 
 5
 On June 13, 1975, the Church instituted this action to compel disclosure of the remaining documents. USPS claimed that certain documents were exempt from disclosure. On November 17, 1975, USPS filed a motion for summary judgment. The Church filed a cross-motion for summary judgment on November 26, 1975. On December 10, 1975, USPS submitted certain documents to the district court for an in camera inspection. After examining these documents, the district court concluded that they were exempt from disclosure. The court, on December 19, 1975, granted USPS' motion for summary judgment and dismissed the action with prejudice. The court held that the investigatory files were exempt from disclosure by FOIA, 5 U.S.C. Sec. 552(b)(3), which incorporates the postal exemption, 39 U.S.C. Sec. 410(c)(6).
 
 
 6
 This ruling was appealed on February 13, 1976. We reversed and directed the district court to reconsider whether, inter alia, section 410(c)(6) qualified as an exempting statute in light of the amendment to exemption (b)(3). This exemption had been amended subsequent to the district court's order of December 19, 1975. If the court so found, then it was to decide whether USPS had complied with its own regulation, 39 C.F.R. Sec. 265.6(c). In the event the district court found that 39 U.S.C. Sec. 410(c)(6) did not qualify as an exempting statute, the district court was to consider whether the documents were properly withheld under FOIA exemptions 5 and 7. Church of Scientology of California v. United States Postal Service, 593 F.2d 902, 904-05 (9th Cir.1979).
 
 
 7
 On June 28, 1979, the parties simultaneously filed motions for summary judgment in the district court addressing the issues raised in the remand order. The district court granted USPS' motion for summary judgment on August 9, 1979, finding as follows: (1) section 410(c)(6) constitutes an exempting statute pursuant to amended FOIA exemption 3; (2) the information was properly withheld from disclosure as material "compiled for law enforcement purposes;" and (3) USPS' regulations are permissive and, therefore, do not require disclosure.
 
 
 8
 On appeal from this order, we reversed finding that 39 U.S.C. Sec. 410(c)(6) did not qualify as an exempting statute under (b)(3) and, thus, the documents withheld by USPS were not protected from disclosure by this exemption. Church of Scientology of California v. United States Postal Service, 633 F.2d 1327, 1333 (9th Cir.1980). We directed the district court to consider whether the requested information was exempt from disclosure pursuant to FOIA exemptions 5 and 7.
 
 
 9
 On March 16, 1981, USPS renewed its motion for summary judgment and submitted the March 13, 1981, affidavit of K. Fletcher, Chief Postal Inspector of USPS. Fletcher asserted that 615 pages of new material, which had been previously withheld pursuant to FOIA exemption (b)(7)(A), had been released in whole or part, or had been made available to the Church for inspection.[2] 2] Fletcher also stated that the reasons for release, which included the passage of time and the closing of investigations, obviated the need to protect the material from disclosure. According to Fletcher, several pages of the documents remained exempt from disclosure pursuant to FOIA (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(5).
 
 
 10
 On April 6, 1981, the district court granted USPS' motion for summary judgment. The Church's complaint was dismissed with prejudice. In its findings of fact and conclusions of law, entered April 7, 1981, the district court found that the material not disclosed to the Church was properly withheld pursuant to exemptions 5, 7(C), (D) and (E) of FOIA. The Church did not appeal from this judgment.
 
 
 11
 The Church subsequently requested attorney's fees; the district court denied this request. The district court did not issue findings of fact and conclusions of law regarding the issue of whether the Church had substantially prevailed on its FOIA claim. The court's order simply denied the Church's claim for attorney's fees without explanation. The Church appeals only from this order.
 
 II. ANALYSIS
 A. Substantially Prevailing Party
 1. Necessity for Remand
 
 12
 The Freedom of Information Act provides: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." (emphasis added). 5 U.S.C. Sec. 552(a)(4)(E).
 
 
 13
 If the facts show that the plaintiff has substantially prevailed on his or her FOIA action, then such party is eligible for an award of attorney's fees. Cox v. United States Department of Justice, 601 F.2d 1, 6 (D.C.Cir.1979). A determination of eligibility does not automatically entitle the plaintiff to attorney's fees. Id. Entitlement to attorney's fees is left to the discretion of the district court. Exner v. Federal Bureau of Investigation, 612 F.2d 1202, 1207 (9th Cir.1980) (citing Cox v. United States Department of Justice, 601 F.2d 1 (D.C.Cir.1979)).
 
 
 14
 We will first discuss the concept of the substantially prevailing party--that is, eligibility for attorney's fees. We will then address the principles applicable to entitlement to such fees.
 
 
 15
 To be eligible for an award of attorney's fees in a FOIA suit, the plaintiff must present convincing evidence that two threshold conditions have been satisfied. The plaintiff must show that: (1) the filing of the action could reasonably have been regarded as necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the delivery of the information. Exner v. Federal Bureau of Investigation, 443 F.Supp. 1349, 1353 (S.D.Cal.1978), aff'd, 612 F.2d 1202 (9th Cir.1980). Whether a party has shown, in a particular case, that the suit was reasonably necessary and that a causal nexus exists between the action and surrender of information--that is, whether the party has substantially prevailed--is a factual determination for the district court to resolve. Cox, 601 F.2d at 6.
 
 
 16
 This factual issue remains undetermined in the case at bar. The Church maintains that the record confirms the necessity of this action. Further, it contends that vigorous litigation, evidenced by two successful appeals was a sine qua non to release of the documents. Therefore, the Church posits, there has been no indication that these documents would have been released without this litigation.
 
 
 17
 USPS argues that the Church has not obtained any documents other than those voluntarily released by the agency. In addition, USPS notes that the court ruled against the Church on every disputed exemption and its complaint was dismissed with prejudice. USPS maintains that the reasons for release of the documents were provided to the Church in the affidavit of K. Fletcher, dated March 13, 1981.
 
 
 18
 The parties also dispute the timing of the release of 385 documents. The Church claims that these were released after the suit was filed on June 13, 1975, while USPS claims that the documents were released sometime after June 2, 1975. The government's affidavits do not specifically indicate on what date the documents were made available to the Church. In addition, the parties are in disagreement over the reasons for release of 615 documents. The Church contends that these were released in March, 1981 because of the filing of this suit. USPS argues that the affidavit of K. Fletcher, Chief Postal Inspector, dated March 13, 1981, demonstrates that these documents were released to the Church as a result of USPS' post-remand review completed in March, 1981. The district court made no finding of fact on these issues which are critical to determining whether the Church was the prevailing party.
 
 
 19
 Given these factual disputes and the record's uncertainty, the action must be remanded for further proceedings because "[o]n the record before us, we have no indication of ... whether [the plaintiff] indeed substantially prevailed in [its] action." Cox, 601 F.2d at 7.[3] This court does not have the jurisdictional competence to resolve factual disputes; our function as a court of review does not encompass the assessment of credibility and the weighing of evidence. Such matters are properly committed to the district court.
 
 
 20
 On remand, the district court must resolve the factual issues raised by the parties to determine whether the Church substantially prevailed on its claim. Cox, 601 F.2d at 7. Our decision to remand is consistent with this Circuit's approach to reviewing uncertain records in civil rights cases involving awards of attorney's fees.[4] See, e.g., Bartholomew v. Watson, 665 F.2d 910, 915 (9th Cir.1982) (this court remanded the action because it was not clear from the record what standard the district court had applied in determining a reasonable amount of attorney's fees).
 
 
 21
 2. Factors to Determine Eligibility: Necessity of Action
 
 
 22
 and Substantial Causative Effect
 
 
 23
 On remand, in determining whether the Church is eligible for attorney's fees--that is, whether it has substantially prevailed--the district court should determine: (1) whether the Church's suit was reasonably necessary to obtain the information; and (2) whether the suit had a substantial causative effect on the release of the documents in question. Exner, 443 F.Supp. at 1353, aff'd, 612 F.2d 1202 (9th Cir.1980). See also Ginter v. IRS, 648 F.2d 469, 471-73 (8th Cir.1981). The following discussion of Exner, Ginter, and Cox illustrates the application of these principles.
 
 
 24
 In Exner, the plaintiff filed an action pursuant to the FOIA to compel immediate disclosure of records in the possession of the FBI. The plaintiff eventually received 86 documents out of a total of 92. The district court found that plaintiff had fulfilled both of the above requirements, and that she had substantially prevailed on her claim.
 
 
 25
 The suit was necessary, in the district court's view, because the plaintiff had a compelling need to bring the lawsuit. Id. at 1353. During plaintiff's testimony, before a United States Senate select committee on intelligence activities, in 1975, she became aware that the FBI had conducted investigations and had been maintaining files relating to her since 1960. It was plaintiff's belief that the official report published by the Senate Committee contained inaccurate information pertaining to her, and that the committee had leaked to the press inaccurate information from the FBI files. She believed that the leaked information, which concerned her alleged relationships with organized crime figures, exposed her to serious danger. The district court found that these concerns were valid and that it was necessary for plaintiff to have the opportunity to review the information in the FBI files as soon as possible.
 
 
 26
 The district court also determined that the lawsuit had a substantial causative effect on the delivery of the information because it had "no doubt" that the action "was directly responsible for delivery of the documents...." Id. The court noted that when information is delivered may be as important as what information is delivered. The purpose of this suit was the immediate production of documents and plaintiff accomplished this goal. Id.
 
 
 27
 The court found further support for the second requirement in that plaintiff faced formidable opposition by the government at every juncture. It was unlikely, in the district court's view, that the action would have produced such favorable results, without the "dogged determination" of plaintiff. Id. Another factor militating for the plaintiff was that she had convinced the district court and the Ninth Circuit to require the FBI to give priority to a portion of her request.
 
 
 28
 The Eighth Circuit, in Ginter, 648 F.2d at 471, has also been called upon to interpret the meaning of "substantially prevailed." In Ginter, the plaintiff filed an FOIA action to recover information from the Internal Revenue Service. Plaintiff subsequently requested attorney's fees and the court denied the request.
 
 
 29
 The court concluded that plaintiff's suit was not reasonably necessary, since, at the time plaintiff filed the action, the IRS had been unable to locate the requested information and was in the process of conducting a special search for the material. Further, the IRS never informed the plaintiff that it would not produce the requested material. Under these circumstances, the court reasoned plaintiff's suit was premature.
 
 
 30
 The court additionally determined that plaintiff's lawsuit did not have a substantial causative effect on the production of the requested materials. Plaintiff had only demonstrated that part of the requested information was received after the filing of suit. The court further noted that the delay in production of information was due, in part, to plaintiff's vague and broadly drawn request, and to the government's attendant inability to locate the materials.
 
 
 31
 As noted previously, the court in Cox stated that whether a party has shown that the lawsuit was reasonably necessary and that it had a substantial causative effect on the release of documents is a factual determination that is within the province of the district court to resolve. 601 F.2d at 6. In making this determination, it is appropriate for the district court to consider, among other things, "whether the agency, upon actual and reasonable notice of the request, made a good-faith effort to search out material and to pass on whether it should be disclosed." Id. If either lack of actual notice of a request or an unavoidable delay accompanied by due diligence in the administrative processes, rather than the threat of an adverse court order, was the actual reason for the agency's failure to respond to a request, "then it cannot be said that the complainant substantially prevailed." Id. Thus, the court instructed the district court to determine, on remand, the cause of delay.
 
 
 32
 The Cox court also cautioned that the mere fact that the information sought was not released until after the lawsuit was instituted is insufficient to establish that a complainant has "substantially prevailed." Cox, 601 F.2d at 6. It is equally true that the mere fact that defendants have voluntarily released documents does not preclude an award of attorney's fees to the plaintiff. See Cuneo v. Rumsfeld, 553 F.2d 1360, 1365 (D.C.Cir.1977); see also Kaye v. Burns, 411 F.Supp. 897, 902 (S.D.N.Y.1976). We note that this view is consistent with the law of our Circuit in cases involving claims for attorney's fees pursuant to the Civil Rights Attorney's Fees Act, 42 U.S.C. Sec. 1988. This court has found in such cases that voluntary compliance by the defendants does not preclude plaintiffs from receiving an award of attorney fees. Williams v. Alioto, 625 F.2d 845, 847-48 (9th Cir.1980), cert. denied, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981).
 
 
 33
 In sum, the district court should consider the following factors in determining whether the Church has substantially prevailed: (1) when the documents were released; and (2) what actually triggered the documents' release to the Church; and (3) whether the Church was entitled to the documents at an earlier time in view of the fact that the exemption of 39 U.S.C. Sec. 410(c)(6) was eliminated.[5]
 
 B. Entitlement to Attorney's Fees
 
 34
 If the district court determines that the Church has substantially prevailed and is thus eligible for attorney's fees, the district court may, in the exercise of its discretion, determine that the Church is entitled to an award of attorney's fees. The decision to award attorney's fees is left to the sound discretion of the trial court. Exner v. Federal Bureau of Investigation, 612 F.2d 1202, 1207 (9th Cir.1980); Nationwide Building Maintenance, Inc. v. Sampson, 559 F.2d 704, 716 (D.C.Cir.1977).
 
 
 35
 In the exercise of this discretion, the court may take into account "whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate." Exner, 443 F.Supp. at 1352, aff'd, 612 F.2d 1202 (9th Cir.1980). Other courts faced with this issue have considered the following four criteria in determining whether attorney's fees and litigation cost should be allowed: (1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records sought had a reasonable basis in law. See, e.g., Lovell v. Alderete, 630 F.2d 428, 431-34 (5th Cir.1980); Cox, 601 F.2d at 7 (D.C.Cir.1979); Exner, 443 F.Supp. at 1352, aff'd, 612 F.2d 1202 (9th Cir.1980).
 
 
 36
 The legislative history of the FOIA makes it clear that Congress did not intend an award of attorney's fees to be automatic; rather, the trial court "must weigh the facts of each case against the criteria of the existing body of law on the award of attorney fees and then exercise its discretion in determining whether an award is appropriate." Cuneo, 553 F.2d at 1367. See also Blue v. Bureau of Prisons, 570 F.2d 529, 534 (5th Cir.1978) (all four criteria are to be weighed as guides to the court's discretion in FOIA attorney's fees awards); Nationwide, 559 F.2d at 714 (courts must be careful not to give any particular criterion dispositive weight).
 
 
 37
 These four factors are not exhaustive. Cox, 601 F.2d at 7, cited with approval in Exner, 612 F.2d at 1207. We agree with the D.C. Circuit's observation that the criteria listed in the Senate Judiciary Committee's Report on the Freedom of Information Act should be considered in conjunction with the existing body of law on the award of attorney's fees. Cuneo, 553 F.2d at 1365 (citing H.R.Rep. No. 1380, 93rd Cong., 2d Sess. 10 (1974), reprinted in 1974 U.S.Code Cong. & Ad.News 6267).[6]
 
 
 38
 Other courts have applied these factors consistently with the analysis contained in the Senate Judiciary Committee's Report. The following cases illustrate this application.
 
 1. Public Benefit
 
 39
 The public benefit factor was construed in Blue, 570 F.2d at 533-34, Cuneo, 553 F.2d at 1367, Goldstein v. Levi, 415 F.Supp. 303, 305 (D.D.C.1976), and Exner, 443 F.Supp. at 1353. The court in Blue stressed that in weighing the public benefit factor the district court should take into account the degree of dissemination and the likely public impact that might result from disclosure. The court also noted that an award of attorney's fees is not favored when it merely subsidizes a matter of private concern. The action was remanded because the district court considered only the public benefit factor in denying an award of attorney's fees.
 
 
 40
 In Goldstein, a producer for a public television station sought to procure FBI files concerning statements made by Ruth and David Greenglass during the investigations of the Rosenberg case. The district court held that the producer had substantially prevailed and was entitled to attorney's fees because the action benefitted the public and was not for his "personal commercial benefit." 415 F.Supp. at 305.
 
 
 41
 During oral argument the government, relying on Goldstein, contended that there cannot be a public benefit unless the requested information is of interest to the public in general. We disagree.
 
 
 42
 A public benefit may result even though the specific document sought is for plaintiff's sole use. Although the documents procured by plaintiff, in Exner, were for plaintiff's own use, the district court opined that plaintiff, in compelling immediate production of the documents, "established the principle that there are some exceptional cases where the government must specifically process requests for information on a priority basis. In effect, plaintiff acted as a private attorney general in vindicating an important public policy." 443 F.Supp. at 1353.
 
 
 43
 We note that in the instant matter, plaintiff has obtained a favorable ruling from the Ninth Circuit that 39 U.S.C. Sec. 410(c)(6) does not qualify as an exempting statute under (b)(3). While obtaining a favorable legal ruling, standing alone, does not establish the public benefit criterion, the district court may take into consideration the fact that the plaintiff has so prevailed when determining entitlement to attorney's fees. A ruling which establishes that the government may not withhold certain information pursuant to a particular FOIA exemption, in our view, benefits the public. See Exner, 443 F.Supp. at 1353.2. Commercial Interest Benefit
 
 
 44
 In Cuneo the court also discussed the second criterion, commercial interest. There, the attorney seeking a request on behalf of his clients for their business purposes was, in the court's view, suggestive of a private incentive, because he had been litigating this action for many years with full knowledge that the FOIA, at this time, made no provision for attorney's fees. The court reasoned that if the potential for private commercial benefit was sufficient incentive to encourage plaintiff's pursuit of his claim, it would not be improper for the district court to deny his attorney's fees request. On appeal, after remand, the D.C. Circuit affirmed the district court's denial of attorney's fees because there was little public benefit from the disclosure, enormous commercial benefit, and the government's original withholding of the manual had a reasonable basis in law. Fenster v. Brown, 617 F.2d 740, 743 (D.C.Cir.1979).
 
 3. Nature of Complainant's Interest
 
 45
 The third factor, relating to the nature of complainant's interest in the records sought, has been construed together with the commercial benefit factor. See, e.g., Fenster, 617 F.2d at 743-44. The application of this construction is illustrated in Werner-Continental, Inc. v. Farkas, 478 F.Supp. 815, 817 (S.D.Ohio 1979), aff'd, 661 F.2d 935 (6th Cir.1981). In Werner, the district court denied plaintiff's request for attorney's fees because plaintiff sought information for its private interest only and the public interest was not benefitted by release of the information. The court reasoned that it was logical to read the two criteria together where a private plaintiff has pursued a private interest. If either commercial benefit will inure to the plaintiff from the information or plaintiff intends to protect a private interest, the court stated, an award of attorney's fees is not recoverable. On the other hand, where plaintiff is indigent or a nonprofit public interest group, an award of attorney's fees furthers the FOIA policy of expanding access to government information.
 
 
 46
 The third factor also has been construed independently from the commercial benefit factor. See Lovell, 630 F.2d at 432-34.
 
 4. Reasonable Basis in Law
 
 47
 The Fifth Circuit discussed whether the government's withholding had a reasonable basis in law in Lovell v. Alderete, 630 F.2d at 434. The Lovell court concluded that the government's withholding had a reasonable basis in law because the documents requested by the plaintiff fell within an FOIA exemption. In Kaye, 411 F.Supp. at 904, the district court reached a similar conclusion although the requested letter was not exempt from disclosure pursuant to the FOIA. The government nevertheless had a reasonable basis for withholding it since it contained matter in an examination report, and was a record "related to" an examination report which was exempt from disclosure.
 
 
 48
 We caution that we discuss these cases only to illustrate how the factors are to be applied; we do not intend to intimate any view concerning the merits of the Church's claim. The district court must resolve this issue in the first instance.
 
 III. CONCLUSION
 
 49
 The district court judge who has presided over an FOIA action is in a far better position than this court to determine, in the first instance, whether a party has substantially prevailed. When a factual dispute exists as to whether a party has substantially prevailed, it is wise for the district court to conduct a hearing to resolve the conflict. See Exner, 612 F.2d at 1207. See National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1329-30 & n. 17 (D.C.Cir.1982).
 
 
 50
 We share the view of the Second Circuit that "[t]here is no doubt that, in a case such as this, when there are many vigorous disputes of fact over the elements that comprise the fee award, an evidentiary hearing, complete with cross examination is imperative." City of Detroit v. Grinnell Corp., 495 F.2d 448, 473 (2d Cir.1974) (Grinnell I); see also Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161, 169 (3rd Cir.1973) (Lindy I) ("where the facts to be weighed in light of the judge's expertise are disputed, an evidentiary hearing is required").
 
 
 51
 Further, after conducting a hearing to resolve relevant factual disputes, the district court should issue findings of fact and conclusions of law for the guidance of the parties in determining whether an appeal will be meritorious or successful. With such written findings and conclusions, this court in turn can make a meaningful review of the district court's action.
 
 
 52
 In view of the uncertainty and unresolved issue in this record, we are compelled to reverse and remand this matter to the district court with direction that a hearing be conducted consistent with the views expressed in this opinion as to the law governing this case in order to determine whether the Church has substantially prevailed.[7] If the district court finds in favor of the Church on this issue, it shall then determine whether the Church is entitled to an award of attorney's fees. Following such evidentiary hearing, the district court is further required to issue written findings of fact and conclusions of law.[8]
 
 
 53
 REVERSED AND REMANDED.
 
 
 54
 POOLE, Circuit Judge, concurring in part.
 
 
 55
 I concur generally in the result reached in Judge Alarcon's painstaking exposition. I have some reservations whether the issue--that is, did the Church substantially prevail--is so arcane as to require response to all the litany suggested by the majority opinion. In any event, given the record as we have it, we are now in as good a position to decide that issue as was the district court, or as we will be after remand, and we should do so. Much of this might have been avoided altogether if the district judge had ruled whether the 615 pages of new material, previously withheld under exemption (b)(7)(A), but subsequently released, were substantially exempt. If so the Church did not prevail. That to me seems the heart of this matter.
 
 
 56
 Finally I do not concur in what I believe to be inappropriate directions to the district court that it make findings of fact and conclusions of law in a summary judgment case. It helps appellate review when the district court articulates its basis for summary judgment; it is inappropriate to require findings be made, as under Rule 52(a) of the Federal Rules of Civil Procedure, since making such findings is the antithesis of summary judgment. We should not so direct.
 
 
 
 [1]
 The government affidavit of W. Cotter indicates, in paragraph 12, that a further review of the files transpired, subsequent to the June 2, 1975 visit of K. Moxen, the Washington representative of the attorney for the Church. The affidavit does not specifically state on what date an additional 385 documents were identified and made available for inspection by the Church. Furthermore, the record is unclear as to whether the Church has inspected the documents in question
 
 
 [2]
 The Fletcher affidavit does not specify the date that these 615 pages were made available to the Church
 
 
 [3]
 Citing Cox, this court in Exner, affirmed the district court's determination that the plaintiff had substantially prevailed on her FOIA claim. The district court had made "specific findings that withstood review under Fed.R.Civ.P. 52, to the effect that [plaintiff] 'substantially prevailed' under her FOIA claim." Exner, 612 F.2d at 1207. The record in Exner supported both the findings and the court's conclusions. Id
 Here, unlike Exner, the district court failed to apply the appropriate standard to determine whether or not the Church had substantially prevailed. In the analagous situation in civil rights cases, this court has remanded the action to the district court to apply the appropriate standard. See, e.g., Bartholomew v. Watson, 665 F.2d 910, 915 (9th Cir.1982).
 
 
 [4]
 The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. Sec. 1988 provides: "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."
 
 
 [5]
 If the Church was entitled to a substantial number of the 615 pages of documents that were subsequently released, regardless of the Postal Service's eventual decision that the documents were not required for its investigations due to the passage of time, the Church must be considered as having prevailed
 
 
 [6]
 The Committee suggested that the courts should apply the criteria as follows:
 Under the first criterion a court would ordinarily award fees, for example, where a newsman was seeking information to be used in a publication or a public interest group was seeking information to further a project benefitting the general public, but it would not award fees if a business was using the FOIA to obtain data relating to a competitor or as a substitute for discovery in private litigation with the government.
 Under the second criterion a court would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group versus [sic] but would not if it was a large corporate interest (or a representative of such an interest). For the purposes of applying this criterion, news interests should not be considered commercial interests.
 Under the third criterion a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented, but would not do so if his interest was of a frivolous or purely commercial nature.
 Finally, under the fourth criterion a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester.
 S.Rep. No. 93-854, 93rd Cong. 2nd Sess. 19 (1974) (comments of Mr. Kennedy from the Committee on the Judiciary). The conference committee report eliminated the specific listing of these factors. "The Conference Report makes it clear ... that this deletion was made to avoid limiting the court to these four factors and was not intended to make the award of attorney fees automatic or to preclude the courts from considering those factors." Nationwide Building Maintenance, Inc. v. Sampson, 559 F.2d 704, 711 (D.C.Cir.1977).
 
 
 [7]
 We agree with Judge Poole's comment that it is inappropriate for an appellate court to remand a matter to the district court for findings of fact and conclusions of law in an appeal from an order granting a motion for summary judgment. A district court cannot grant summary judgment where material questions of fact are in dispute
 The matter before us, however, does not involve an appeal from the grant of a motion for summary judgment. Rather, this appeal is taken from an order denying the Church attorney's fees pursuant to the FOIA, 5 U.S.C. Sec. 552(a)(4)(E). A party may recover "reasonable attorney fees" and "other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed." 5 U.S.C. Sec. 522(a)(4)(E). Whether a party has substantially prevailed is a factual determination for the district court to resolve. Cox, 601 F.2d at 6; see also discussion supra, at 490-492. A party seeking attorney's fees must show that: (1) the FOIA lawsuit was reasonably necessary to obtain the information; and (2) that the filing of the lawsuit had a substantial causative effect on the release of the documents. Exner, 443 F.Supp. 1349, 1353 (S.D.Cal.1978), aff'd., 612 F.2d 1202 (9th Cir.1980). In the matter sub judice, certain documents were never released to the Church. The district court held that these documents were properly exempt from disclosure. Hundreds of documents, however, were released "voluntarily" to the Church after this action was filed.
 We have concluded that the district court must determine whether the filing of this matter was reasonably necessary and substantially caused the release of the documents. The mere fact that the postal service maintains that the documents were voluntarily released does not preclude an award of attorney's fees. See Cuneo v. Rumsfeld, 553 F.2d 1360, 1365 (D.C.Cir.1977); Kaye v. Burns, 411 F.Supp. 897, 902 (S.D.N.Y.1976); see also discussion supra at 491-492. Similarly, an award of attorney's fees is not precluded by the fact that the district court granted the Postal Service's summary judgment motion after concluding that the postal service had properly withheld certain other documents pursuant to exemptions 5, 7(C), (D) and (E). That ruling simply does not resolve the factual question as to whether the filing of this action was necessary to obtain the documents and substantially caused the Postal Service to release certain documents.
 
 
 [8]
 Nothing stated in this opinion should be construed as precluding the district court from entertaining a motion to determine whether attorney's fees should be awarded within the district court's sound discretion, assuming arguendo that the Church substantially prevailed as the result of the filing of this action and accordingly is eligible for such award