James LISSNER, Plaintiff—Appellant,

v.

UNITED STATES CUSTOMS SERVICE; Joyce Henderson, Port Director, Otay Mesa, Defendants—Appellees.

No. 01–57199.

D.C. No. CV–98–07438–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2002.*

Decided Jan. 31, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

MEMORANDUM**

James Lissner appeals the district court's attorney's fee award following his successful suit against the United States Customs Service ("USCS") under the Freedom of Information Act ("FOIA"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the attorney's fee award for abuse of discretion. *See Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir.2000). We reverse.

The district court abused its discretion by (1) failing to award attorney's fees for the preparation of Lissner's initial motion for attorney's fees and costs and (2) reducing Lissner's attorney hours and billing rates without considering all of the submitted evidence.

■ Lissner's initial attorney's fees motion, while unsuccessful, was a "necessary step to [his] ultimate victory ..." and thus his fees for that motion should be included in the ultimate attorney's fee award. *See Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1053 (9th Cir.1991). The USCS's contention that Lissner could not have prevailed in his initial attorney's fees motion because he lost the underlying summary judgment motion is misplaced. At the time Lissner brought his motion, a complainant in a FOIA action was eligible for attorney's fees if "he [could] prove that (1) his filing of the FOIA action was necessary to obtain the information sought and (2) the action had a 'substantial causitive effect' on the ultimate receipt of that information." *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir.1991) (emphasis omitted).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"The mere fact that [the] defendants [had] voluntarily released documents [did] not preclude an award of attorney's fees to the plaintiff." *Church of Scientology of California v. United States Postal Service,* 700 F.2d 486, 492 (9th Cir.1983) (emphasis omitted). Even before his success on appeal, Lissner's FOIA suit caused the USCS's release of some of the information Lissner was seeking; thus, Lissner's motion for attorney's fees and costs was not frivolous. Because Lissner's motion was a necessary step toward his eventual victory, it should be accounted for in his attorney's fee award.

■ The district court also failed to consider all of Lissner's proffered evidence before reducing his documented attorney hours and billing rates. It found with regard to billing rates that Lissner

present[ed] no evidence about the experience level of any of the attorneys or paralegals ... [,] no evidence about comparable rates for paralegals and librarians in the Los Angeles area ... [,] no evidence that the rates charged in Palo Alto, California, are comparable to rates charged in Los Angeles and no evidence that it was necessary to hire counsel from Palo Alto.

The record shows, however, that Lissner submitted detailed information about the backgrounds and experience levels of all attorneys and paralegals on the case, the reasonableness of Lissner's submitted billing rates, and the generally higher rates charged in the Los Angeles area for comparable work. The evidence initially submitted with Lissner's motion was sufficient to establish the reasonableness of the rates, and his reply evidence was properly offered to respond to the USCS's claim that the rates were unreasonable. The

district court's failure to review or acknowledge such evidence was an abuse of discretion. *Cf. In re Conejo Enter., Inc.,* 96 F.3d 346, 353–54 (9th Cir.1996). We therefore remand for the district court to reconsider the reasonableness of Lissner's claimed attorney hours and billing rates in light of *all* of the proffered evidence.

Finally, we award Lissner full attorney's fees and costs for this appeal and refer the calculation of the amount of those fees and costs to the Appellate Commissioner, who is authorized to enter judgment thereon. *See* Ninth Circuit Rule 39–1.9.

REVERSED and REMANDED.