**FESHBACH, et al., Plaintiffs,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Defendant.**

**No. C 95–4465 SI.**

United States District Court, N.D. California.

Feb. 12, 1998.

Kendrick L. Moxon, Moxon & Bartilson, Glendale, CA, for Plaintiffs.

Kathleen Cody, Securities and Exchange Commission, Washington, DC, for Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

ILLSTON, District Judge.

On February 6, 1998, the Court heard oral argument on plaintiffs' motion for attorney's fees. Having considered the arguments of counsel and the papers submitted, the Court concludes that plaintiffs did not substantially prevail in this litigation, and hereby DENIES plaintiffs' motion.

### BACKGROUND

Plaintiffs are majority stock holders of Stockbridge Partners, Inc. Plaintiffs allege that although the SEC had no reason to believe that plaintiffs had engaged in illegal or improper conduct, the SEC investigated plaintiffs for years. Plaintiffs claim that the SEC investigation was "instigated solely to harm and discredit plaintiffs and their business and to provide support and cover for vested interests." Pl's Motion, 2:6–7.

In order to learn the details of the SEC investigation, in November of 1992 plaintiffs filed requests for information with the SEC pursuant to the Freedom of Information Act ("FOIA"). The SEC agreed to provide public documents, but informed plaintiffs that the remainder of the sought documents were being withheld because their disclosure could reasonably be expected to interfere with an ongoing law enforcement investigation.

On August 22, 1994, plaintiffs' counsel submitted a new FOIA request. By letter dated August 30, 1994, the SEC's FOIA office informed plaintiffs that the SEC had concluded its investigation of plaintiffs, and therefore

the previous exemption no longer applied. The SEC had identified 115 boxes of documents responsive to plaintiffs' 1994 request, and advised plaintiffs that the review of the boxes could not begin for several months. At plaintiffs' request, the SEC provided the responsive documents in batches as the SEC's review progressed. On February 15, 1995, the SEC notified plaintiffs that the first 25 boxes had been reviewed and that plaintiffs were granted access to all materials that were not covered by a FOIA exemption.

The FOIA office continued to review the boxes, and on May 9, 1995, made available to plaintiffs the second batch of documents. Plaintiffs reviewed these documents, and on July 13, 1995, filed an administrative appeal concerning the withheld documents. On August 2, 1995, the FOIA office notified plaintiffs that it had completed its review of the remaining records. On August 18, 1995, plaintiffs supplemented their appeal. Plaintiffs claim that the SEC ignored their appeal, and as a result they were forced to file suit. Defendant states that at the time plaintiffs filed their appeal, there were over 20 pending appeals, and the SEC FOIA office was backlogged. Defendant informed plaintiffs that they would not be able to complete processing the appeal within the required statutory period.

On December 13, 1995, plaintiffs filed the instant action contesting the SEC's withholding of 869 documents pursuant to various FOIA exemptions. Defendant filed for a stay of this action until the SEC's internal appeal process was completed. This Court denied defendant's motion.

Plaintiffs subsequently moved for the production of a *Vaughn* index of the withheld documents, to which defendant objected. On April 3, 1996, this Court ordered defendant to produce such an index. After defendant produced the index, plaintiffs objected that the index did not contain enough information to evaluate the SEC's claims of exemption. Plaintiffs filed a second *Vaughn* motion, which was granted by this Court.

According to plaintiffs, the SEC discovered an additional four inches of records during the review of records undertaken for the creation of the *Vaughn* index. During the creation of the index, plaintiffs sought to review the non-exempt materials, and the SEC refused. Plaintiff's state that only when plaintiffs threatened to file a motion to compel did the SEC allow plaintiffs to review the non-exempt documents. Defendant counters that these non-exempt materials were made available to plaintiffs in August of 1995, and that plaintiffs chose not to review them. These materials remained in the SEC's FOIA office for a limited period of time, and then each non-exempt document was returned to the file and box from which it came. As such, when plaintiffs requested to view these non-exempt materials in the spring of 1996, defendant responded that it was no longer able to identify which non-exempt materials had been earlier provided to plaintiffs.

After the completion of the *Vaughn* index, plaintiffs sought to depose several SEC employees. During the SEC's preparation for these depositions, the SEC uncovered 11 additional boxes of material responsive to plaintiffs' FOIA requests. This material had not been reviewed during the administrative processing of plaintiffs' requests, nor had they been listed on the *Vaughn* index.

On July 24, 1997, plaintiffs filed a motion to compel the production of "missing" records. Plaintiffs alleged that the SEC failed to disclose the existence or identity of a number of documents on its Vaughn *index*. Plaintiffs asserted that the boxes produced by the SEC to plaintiffs were partially or totally empty when they should have been full, and that the "missing" documents were not accounted for on the SEC's *Vaughn* index. The Court found the SEC's explanation—that the documents were not in fact "missing" but had been produced earlier to plaintiffs—satisfactory, and therefore denied plaintiffs' motion. With regard to the documents listed on the *Vaughn* index, both parties filed motions for summary judgment on the applicability of the claimed FOIA exemptions. The Court upheld the majority of the SEC's claimed exemptions, and ordered that the SEC produce only 18 of the 869 documents at issue.

## LEGAL STANDARD

The Freedom of Information Act provides that, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Courts employ a two-part test in determining whether to award attorneys fees under the FOIA. First, courts determine if the plaintiff "substantially prevailed" in the litigation, and is therefore "eligible" for fees. A plaintiff can establish that he "substantially prevailed" by showing that "(1) the filing of the action could reasonably have been regarded as necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the delivery of the information." *Church of Scientology of California v. U.S. Postal Service,* 700 F.2d 486, 489 (9th Cir.1983). Second, courts determine whether the party is "entitled" to fees by examining a variety of factors, such as public benefit, commercial benefit to plaintiff, the nature of the plaintiff's interest in the records being sought, and the reasonableness of the government's asserted legal basis for withholding. *See id.* at 492–94.

## DISCUSSION

Plaintiffs seek $67,118.19 in attorney's fees and costs incurred in this litigation. Plaintiffs contend that they are both "eligible" and "entitled" to fees under the two-part test articulated by the Ninth Circuit in *Church of Scientology of California v. U.S. Postal Service,* 700 F.2d 486 (9th Cir.1983). Defendant objects to the plaintiffs' fee application, arguing that plaintiffs did not substantially prevail in this action, and furthermore that plaintiffs are not entitled to fees and costs.

Plaintiffs argue that they are "eligible" because they substantially prevailed in this litigation by obtaining numerous documents from the government that they would not have received otherwise Plaintiffs contend that were it not for this lawsuit, the government would never have produced many of the documents that plaintiffs sought. Although plaintiffs concede that the Court ultimately upheld many of the SEC's grounds of privilege, the Court did require the SEC to provide some of the claimed privileged documents listed on the *Vaughn* index. In addition, plaintiffs point to the government's "discovery" of 11 additional boxes of records uncovered in preparation for the plaintiffs' deposition of SEC employees. Plaintiffs contend that the SEC had not reviewed these boxes during the administrative processing of plaintiffs' FOIA requests, and these records had not been included on the *Vaughn* index. Plaintiffs state that while some of these documents were withheld, most were ultimately produced to plaintiffs, and would not have been absent the filing of this action.

Defendant counters that plaintiffs have not established their eligibility for fees under the *Church of Scientology* test. Defendant argues that the Court ultimately upheld the vast majority of defendant's claimed exemptions. Moreover, defendant argues that "the lawsuit had nothing to do with the release of the non-exempt documents." Def's Opposition, 6:17–18. Rather, defendant contends that these documents were released because the SEC's investigation of plaintiffs had concluded; when plaintiffs filed their 1994 FOIA request, the SEC began administrative processing of the request, and made the nonexempt documents available in batches. With respect to the discovery of the 11 boxes of documents, defendant states rather summarily that there is no causal nexus between this lawsuit and the release of these documents.

In *Church of Scientology,* the Ninth Circuit provided guidance on determining eligibility for fees by contrasting cases in which the plaintiffs had sought fees under FOIA. In *Exner v. Federal Bureau of Investigation,* 443 F.Supp. 1349 (S.D.Cal.1978), *aff'd,* 612 F.2d 1202 (9th Cir.1980), the plaintiff filed an action pursuant to the FOIA to compel the immediate production of records possessed by the FBI. The plaintiff eventually received 86 of the total 92 documents sought. The district court found that the plaintiff had a compelling need to bring the lawsuit because the plaintiff had discovered, while giving testimony to a Senate committee, that she had been the subject of a secret FBI investigation. The plaintiff believed that inaccurate information from this investigation had been

leaked to the press, and she sought the files to correct the inaccuracies.

In contrast, in *Ginter v. IRS,* 648 F.2d 469 (8th Cir.1981), the Court of Appeals affirmed the district court's denial of fees to a plaintiff. The court concluded that the plaintiff's suit had not been reasonably necessary to obtaining the documents, because at the time the suit was filed, the IRS was unable to locate the requested materials and had initiated a special search. In addition, the court found plaintiff had not substantially prevailed because only part of the requested information was obtained after the filing of the lawsuit.

█ Based upon the guidance provided by the above case law, and the record in this case, the Court concludes that plaintiffs have not substantially prevailed in this litigation. Plaintiffs' 1990 FOIA request was denied due to the SEC's ongoing investigation. After plaintiffs filed another request in 1994, the SEC processed the request and produced non-exempt documents to plaintiff. All of the non-exempt documents were made available to plaintiffs; plaintiffs chose not to review some of these documents. The fact that these materials were again made available to plaintiffs after the filing of the lawsuit does not mean that the lawsuit had a substantial causative effect on their production. As to the claimed exemptions, the Court ultimately upheld the vast majority of the claimed exemptions, compelling the production of only 18 out of 869 documents. It is true that in the course of this litigation, defendant uncovered 11 boxes of responsive documents that it had not previously identified. However, the Court does not believe that the discovery and production of these boxes is sufficient to find that the plaintiffs "substantially prevailed" in this litigation.

For the foregoing reasons and good cause shown, the Court hereby DENIES plaintiffs' motion for attorney's fees.

**IT IS SO ORDERED.**