**GMRI, INC., Plaintiff–Appellee,**

v.

**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, De-
fendant–Appellant.**

No. 96–6396.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 5, 1998.

Decided July 8, 1998.

Thomas H. Lawrence (briefed), Thomas L. Henderson (argued and briefed), McKnight, Hudson, Lewis, Ford & Henderson, Memphis, TN, for Plaintiff–Appellee.

Grace C. Karmoil, Equal Employment Opportunity Commission, Washington, DC, John F. Suhre (argued and briefed), Equal Employment Opportunity Commission, Office of the General Counsel, Washington, DC, for Defendant–Appellant.

Before: NORRIS and CLAY, Circuit Judges; BORMAN, District Judge.*

## OPINION

ALAN E. NORRIS, Circuit Judge.

### FACTS

By letter dated March 20, 1995, plaintiff GMRI, Inc., submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to defendant the Equal Employment Opportunity Commission ("EEOC") asking for "the entire file on the [Catherine Casanova] charge which is currently in litigation in the United States District Court, Eastern District of New York, Civil Action No. CV 94–4386." According to the EEOC, it then requested the Casanova charge file from its Charge Receipt Technical Intake Unit (CRTIU), which maintains the EEOC's investigatory records and charge files. A CRTIU employee searched for the file, but was unable to find it or any of its contents. The EEOC, by letter dated April 13, 1995, then responded to plaintiff that "we can neither grant nor deny your request as we are unable to locate said charge file. We are continuing to look for the file and will notify you when the search is ended."

Thereafter, plaintiff filed an administrative appeal, on June 15, 1995, pursuant to 5 U.S.C. § 522(a)(6)(A). By letter dated July 24, 1995, the Assistant Legal Counsel of the EEOC "neither granted or denied" plaintiff's appeal based upon the fact that the EEOC conducted an "extensive search for the

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

charge file" and "was unable to locate said file." On November 15, 1995, plaintiff filed a complaint in district court seeking "an injunction ordering Defendant to locate and permit access to the requested documents." The district court held a scheduling conference on March 5, 1996. After this conference, the EEOC produced a document that it characterizes as a printout of the computer database used to track a charge while it is in the district EEOC office. The EEOC maintains that the printout is not part of the Casanova charge file, but instead is akin to a card catalogue entry for a library book because it only contains tracking information. By contrast, plaintiff contends that the printout is a document that the EEOC routinely provides in response to FOIA requests like that made by plaintiff. Essentially, the printout contains the names and addresses of both Casanova and plaintiff as well as the dates that certain agency actions took place, such as the assignment of the case to staff. The parties agree that this computer printout is the only document in the EEOC's possession related to the Casanova charge; all other related documents have been either lost or discarded.

Both plaintiff and the EEOC filed motions for summary judgment, and plaintiff filed a motion for attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E). The district court granted plaintiff's motion for summary judgment upon the basis that the EEOC conducted an inadequate search, denied the EEOC's motion for summary judgment, and directed plaintiff "to submit to the Court ... a specific accounting of attorney fees expended in this case, for a determination on the appropriate fee award." The EEOC now appeals the district court's award of summary judgment to plaintiff and its award of attorney fees and asks this court to remand the case to the district court with instructions to enter summary judgment in favor of the EEOC.

## ANALYSIS

■ Once the EEOC turned over everything in its possession related to plaintiff's

FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became moot. *Anderson v. United States Dep't of Health & Human Services,* 3 F.3d 1383, 1384 (10th Cir.1993); *Carter v. Veterans Admin.,* 780 F.2d 1479, 1481 (9th Cir.1986); *see also American Commercial Barge Lines Co. v. NLRB,* 758 F.2d 1109, 1111 (6th Cir.1985). Although plaintiff's claim for production of information is moot, its motion for attorney fees and costs is not. *Carter,* 780 F.2d at 1481; *DeBold v. Stimson,* 735 F.2d 1037, 1040 (7th Cir.1984); *Ginter v. IRS,* 648 F.2d 469, 471 (8th Cir.1981). The issue of fees and costs is "ancillary to the underlying action and survive[s] independently under the court's equitable jurisdiction." *Carter,* 780 F.2d at 1481 (citations omitted).

■ Under the FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." § 552(a)(4)(E). In determining whether to grant fees and costs, courts apply a two-part test. First, they decide whether the plaintiff "substantially prevailed" and is thus eligible for such an award. *Maynard v. CIA,* 986 F.2d 547, 568 (1st Cir.1993); *Church of Scientology of California v. Harris,* 653 F.2d 584, 587 (D.C.Cir.1981). If so, they then determine whether the plaintiff is entitled to such an award based upon a balancing of equitable considerations.[1] *See Maynard,* 986 F.2d at 568; *Harris,* 653 F.2d at 587.

■ Although the EEOC mooted plaintiff's claim for production by turning over the printout, the merits of the claim remain relevant to a determination of whether plaintiff substantially prevailed. Hence, although plaintiff did not obtain a court order compelling the agency to produce requested documents, it still will have substantially prevailed if it demonstrates that the prosecution of the lawsuit was reasonably necessary to

1. Congress' use of the word "may" in § 522(a)(4)(E) indicates that it "left to the traditional equitable discretion of the trial court the decision whether such fees should be awarded in any particular case." *Miller v. United States Dep't of State,* 779 F.2d 1378, 1389 (8th Cir.1985) (citation omitted).

obtain requested information, and that the existence of the lawsuit had a causative effect upon the release of that information. *Miller v. United States Dep't of State,* 779 F.2d 1378, 1389 (8th Cir.1985); *Harris,* 653 F.2d at 588; *Ginter v. IRS,* 648 F.2d 469, 471, 473 (8th Cir.1981).

■ The district court found that the prosecution of plaintiff's lawsuit reasonably could be regarded as necessary to obtain the printout and that the existence of the lawsuit had a causative effect upon the release of the printout. Based upon these findings, it held that plaintiff substantially prevailed. We review these factual determinations for clear error. *See American Commercial Barge Lines Co. v. NLRB,* 758 F.2d 1109, 1111 (6th Cir.1985); *Doyle v. FBI,* 722 F.2d 554, 555 (9th Cir.1983).

■ The EEOC does not deny that there was a causal connection between plaintiff's lawsuit and the release of the printout. However, the agency asserts that the printout is not part of the Casanova charge file and therefore it did not fall within the scope of plaintiff's FOIA request.[2] From this, the EEOC argues, it follows that plaintiff cannot be said to have substantially prevailed because its lawsuit did not cause the release of any requested information.

In our view, it is irrelevant whether the EEOC considers the printout to be part of its charge file. What is relevant is whether the printout fell within the scope of plaintiff's request. We are not persuaded that the district court erred in concluding that the printout was within the scope of the request. Since the EEOC either lost or misplaced its working file, and plaintiff requested "the entire file on the ... charge," the EEOC was obligated to turn over the printout because that was the only document it could find concerning the Casanova charge. Our conclusion is bolstered by the fact that the printout contained information relevant to the charge. Had the EEOC been able to produce the working file itself, and had that file contained the same relevant information found on the printout, then the EEOC would have been in a better position to argue that it was under no obligation to turn over the printout. Though the information provided by the printout may have proved of little practical value to plaintiff, at least when compared to the contents of a complete working file, we are unable to say that the district court erred in concluding that plaintiff substantially prevailed and is thus eligible for attorney fees and costs.

■ It remains to be determined whether plaintiff *should* receive such an award. Unfortunately, the district court apparently did not perform the required balancing of equitable considerations to determine if plaintiff, while eligible for the award, was also entitled to it. In making this decision, the district court should consider at least the following factors: "[1] the benefit to the public deriving from the case; [2] the commercial benefit to the complainant and the nature of its interest in the records; and [3] whether the agency's withholding [of the records] had a reasonable basis in law." *Detroit Free Press, Inc. v. Department of Justice,* 73 F.3d 93, 98 (6th Cir.1996). The determination of entitlement rests within the sound discretion of the district court. *Id.* Upon remand, the court should consider these factors, along with others it deems relevant, before deciding whether plaintiff should receive an award of attorney fees and costs.

## CONCLUSION

For the reasons stated above, we **affirm** the district court's holdings that the EEOC failed to comply with the FOIA, that plaintiff substantially prevailed in its case against the EEOC, and that plaintiff is therefore eligible for an award of attorney fees and other litigation costs. However, we **remand** the cause to the district court in order that it may determine whether, under the circumstances of this case, plaintiff should receive such an award.

---

**2.** According to the EEOC, it turned over the printout only to defend against plaintiff's allega-

tion that it failed to conduct an adequate search, not to satisfy plaintiff's FOIA request.